MIYOSHI & HIRONAKA, LLLC
Attorneys at Law

RANDALL K. HIRONAKA  7444
City Financial Tower
201 Merchant Street, Suite 2240
Honolulu, Hawaii  96813
Telephone:  (808) 888-2595
Facsimile:   (808) 599-1645
E-mail:     randy@808-law.com

Attorney for Defendant
BLAINE LOUIS JACINTHO


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. No. 21-00070 JAO |
| vs. | DEFENDANT JACINTHO'S RESPONSE TO UNITED STATES' MOTIONS *IN LIMINE* [ECF No. 116]; DECLARATION OF COUNSEL and CERTIFICATE OF SERVICE |
| BLAINE LOUIS JACINTHO,    (1) KEONI ALLEN HOLI,          (2) | |
| Defendants. | |


DEFENDANT JACINTHO'S RESPONSE TO
UNITED STATES' MOTIONS *IN LIMINE* [ECF No. 116]

Defendant BLAINE JACINTHO, by and through his counsel, RANDALL

K. HIRONAKA, respectfully submits the instant response to the United States'

Motions *In Limine*, filed on May 8, 2023 [ECF No. 116].

DATED:  Honolulu, Hawai'i, May 15, 2023.

Respectfully submitted,

MIYOSHI & HIRONAKA
Attorneys at Law


By:    */s/ Randall K. Hironaka*
       RANDALL K. HIRONAKA

Attorney for Defendant
BLAINE LOUIS JACINTHO

## RESPONSE TO UNITED STATES' MOTIONS *IN LIMINE*

I.    U.S. Motion *In Limine* to Admit Expert Testimony

In its Motions *In Limine*, the Government first seeks to offer various expert testimony. ECF No. 116 ("U.S. MIL") at 2. With respect to U.S. MIL (1)(i), assuming they can be properly qualified by the Government, Mr. Jacintho does not object to expert testimony regarding drug analysis and identification by Drug Enforcement Administration ("DEA") forensic chemists.

With respect to U.S. MIL (1)(ii), Mr. Jacintho objects to expert testimony regarding the drug trafficking practices, including the use of code words, street value of drugs, quantities of methamphetamine and cocaine that are consistent with distribution, as opposed to personal use, common packaging and importation methods for smuggling controlled substances into the District of Hawaii, and the use of cellular telephones in furtherance of drug trafficking. First, with respect to the use of code words, street value of drugs, quantities of methamphetamine that are consistent with distribution (as opposed to personal use) and common packaging, the Government has the witness(es) who specifically dealt with Mr. Jacintho on the occasions charged in the indictment. That witness can certainly answer any questions with respect to their understanding of: 1) the use of code words; 2) the street value of drugs; 3) the quantities of methamphetamine that are consistent with distribution, as opposed to personal use; and 4) common packaging in the instant

case. Simply put, it is unnecessary to have a law enforcement agent qualified as an "expert" to opine on these issues. It also would be unfairly prejudicial to have an agent qualified as an expert to testify about the importation methods for smuggling controlled substances into Hawaii and the use of cellular telephones in furtherance of drug trafficking. Those things have nothing to do with the offenses which Mr. Jacintho is charged with and it is unnecessary for the Government to prove them. The only purpose such testimony would serve would be to unfairly tether any activities in the instant case with irrelevant evidence of other drug-trafficking organizations.

With respect to U.S. MIL (1)(iii), it is unclear to what specific expert testimony the Government is offering. If it is properly qualified expert testimony with respect to the methods by which data was extracted from Mr. Jacintho's cellular telephone, then he has no objection. If, however, it is expert testimony with respect to the interpretation or meaning of any data extracted from Mr. Jacintho's phone, then he objects because, again, there is presumably a Government witness available to testify who has personal knowledge of such things.

II.    U.S. Motion *In Limine* to Admit Recorded Calls and Text/Chat Messages

In the framework laid out by the Government in its motion, Mr. Jacintho does not object to any <u>relevant</u> recorded calls and text/chat messages between himself and the confidential source. To be clear, what is relevant are any recorded

calls and text/chat messages with respect to the February 1, 2021 transaction which forms the basis for Counts 1 and 2, and with respect to the April 2020 transaction which forms the basis for Count 3.

III.   U.S. Motion *In Limine* to Admit Defendants' Post-Arrest Statements

In the framework laid out by the Government in its motion, Mr. Jacintho acknowledges that his statement to law enforcement is not hearsay pursuant to Rule 801(d)(2)(A) of the Federal Rules of Evidence ("FRE").

IV.   U.S. Motion *In Limine* to Preclude Reference to Entrapment Prior to Government's First Witness

Mr. Jacintho objects to this motion *in limine* by the Government. While the Government cites to some cases on the issue of instructing the jury with respect to entrapment, it offers zero authority for its position that Mr. Jacintho "be precluded from making any reference to entrapment during *voir dire* or opening statement."

DATED:  Honolulu, Hawai'i, May 15, 2023.

Respectfully submitted,

MIYOSHI & HIRONAKA
Attorneys at Law

By:   */s/ Randall K. Hironaka*
       RANDALL K. HIRONAKA

Attorney for Defendant
BLAINE LOUIS JACINTHO